**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000062
13-MAY-2014
09:30 AM**

NO. CAAP-14-0000062

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FRANCIS M. SHYANGUYA, Plaintiff-Appellant,
v.
THE RITZ-CARLTON HOTEL COMPANY LLC (RCHCLLC), et al.,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-1668-06)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DENYING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Plaintiff-Appellant Francis M. Shyanguya (Appellant Shyanguya) has asserted from four interlocutory orders the Honorable Gary W.B. Chang has entered:

(1) the September 13, 2013 interlocutory "Order Granting in Part and Denying in Part Defendants Tom Donovan, April West, and Marriott International, Inc.'s Motion to Dismiss Complaint Filed on June 7, 2013 (Filed July 10, 2013)";

(2) the November 6, 2013 interlocutory "Order Granting
with Prejudice Specially-Appearing Defendants
Herve Humler, Jim Connelly, Arne Sorenson, David
Grissen and Jim Kauffman's Motion to Dismiss
Complaint Filed on June 7, 2013 (Filed Sept. 24,
2013)";

(3) the November 6, 2013 interlocutory "Order Granting
Without Prejudice Specially-Appearing Defendants
Keith Wallace and Doug Watson's Motion to Dismiss
Complaint Filed on June 7, 2013 (Filed Sept. 24,
2013)";

(4) the November 6, 2013 interlocutory "Order Granting
Without Prejudice defendant Tiffany Schafer's
Motion to Dismiss Complaint Filed on June 7, 2013
(Filed Sept. 24, 2013)[.]"

None of these four interlocutory orders are
independently appealable, and the circuit court has not yet
reduced any dispositive rulings to a separate, final judgment
that resolves all of the parties' claims, as Hawaii Revised
Statutes (HRS) 641-1(a) (1993 & Supp. 2013) requires for an
appeal from a civil circuit court case under Rule 58 of the
Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119,
869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate
court of appeals from final judgments, orders, or decrees.
Appeals under HRS § 641-1 "shall be taken in the manner . . .
provided by the rules of court." HRS § 641-1(c). HRCP Rule 58
requires that "[e]very judgment shall be set forth on a separate
document." The Supreme Court of Hawaiʻi requires that "[a]n
appeal may be taken . . . only after the orders have been reduced
to a judgment and the judgment has been entered in favor of and
against the appropriate parties pursuant to HRCP [Rule] 58[.]"

-2-

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). On February 13, 2014, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0000062, which does not contain a final judgment.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), none of the four appealed interlocutory orders can satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Lambert v. Teisina, 131 Hawai'i 457, 462, 319 P.3d 376, 381 (2014) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent

-3-

an appealable final judgment that adjudicates all of the parties' claims, Appellant Shyanguya's appeal is premature, and we lack appellate jurisdiction.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000062 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0000062 are denied as moot.

DATED: Honolulu, Hawai'i, May 13, 2014.


Presiding Judge


Associate Judge


Associate Judge